| ATTORNEY RICHARD D. KING, JR.<br>*ADMITTED IN MASSACHUSETTS, RHODE ISLAND, NEW YORK, PENNSYLVANIA AND CONNECTICUT FEDERAL COURT*<br>RKING@SMITHBRINK.COM | **SMITH & BRINK, P.C.**<br>ATTORNEYS AT LAW<br>A PROFESSIONAL CORPORATION<br>WWW.SMITHBRINK.COM | **BRAINTREE**<br>350 GRANITE STREET<br>SUITE 2303<br>BRAINTREE, MA 02184<br>TEL: (617) 770-2214<br>FAX: (617) 774-1714 |
|---|---|---|

June 25, 2012

**VIA CM/ECF AND FIRST-CLASS U.S. MAIL**
Honorable Frederic Block
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re: *Government Employees Insurance Co., et al. v. Jonathan B. Kogen, Ph.D., et al.*
Case No.: 0:12-CV-01068-FB-VVP

Dear Judge Block:

Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Insurance Company (collectively, "GEICO" and/or "plaintiffs") submit this letter in response to the Amended Answer and Counterclaims filed by defendants Jonathan B. Kogen, Ph.D. ("Kogen"); LMK Psychological Services, P.C. ("LMK") and Valley Psychological, P.C. ("Valley") (collectively, "PC Defendants"); and Andrew Blumenthal ("Blumenthal") (collectively, "defendants") on June 19, 2012. *Docket No. 24.*  GEICO submitted a letter on June 7, 2012 to the Court requesting leave to move to dismiss the defendants' original counterclaims. *Docket No. 18.*  By the within letter, GEICO requests leave to move to dismiss the defendants' amended counterclaims.  A pre-motion conference has already been scheduled by the Court for July 17, 2012.

GEICO identified several issues with the defendants' original counterclaims in its June 7, 2012 letter.  GEICO expressly incorporates its arguments contained in that letter in this letter responding to the amended counterclaims.  Though the defendants have now had two opportunities to properly plead allegations and causes of action in accordance with applicable law and rules, their counterclaims continue to suffer from numerous pleading deficiencies, both factual and legal.

In their counterclaims Counts I and II, the defendants assert violations of the New York No-Fault law.  However, as in their original counterclaims, the defendants again fail to identify the source of their standing to assert such counts.  Counterclaim Counts I and II not only fail to name any specific contract of assignment expressly, they also fail to incorporate any contracts by reference.

By counterclaim Counts III and V, the defendants assert a cause of action for "the tort of bad faith." New York does not recognize such a tort. Acquista v. N.Y. Life Ins. Co., 730 N.Y.S.2d 272, 278 (App. Div. 2001), quoting Beck v. Farmers Ins. Exchange, 701 P.2d 795, 800 (Utah 1985) ("We are unwilling to adopt the widely accepted tort cause of action for 'bad faith' in the context of a first-party claim, because we recognize that to do so would constitute an extreme changes in the law of this State. Essentially, we accept the more conservative approach adopted by the minority of jurisdictions that 'the duties and obligations of the parties [to an insurance policy] are contractual rather than fiduciary'"); see also USAlliance Fed. Credit Union v. CUMIS Ins. Society, Inc., 346 F. Supp. 2d 468, 470 (S.D.N.Y. 2004) ("Plaintiff's claim for bad faith denial of coverage is crafted as an independent cause of action in its complaint, but, as the Defendant correctly points out, an independent tort action for bad faith denial of insurance coverage is not recognized in New York"); Weiner v. Unumprovident Corp., 202 F. Supp. 2d 116, 123 (S.D.N.Y. 2002), citing New York Univ. v. Continental Ins. Co., 87 N.Y. 2d 308, 315-320 ("Under New York law, an independent tort action for bad faith denial of insurance coverage is not recognized").

Counterclaim Counts IV and VI, both for tortious interference with contractual relations, do not, and cannot, plead the required elements of this cause of action. To succeed on a claim for tortious interference with a contractual relationship, a party must establish the following elements: (1) a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the third party's breach of that contract without justification; and (4) damages arising from the defendant's activity. Weaver v. Town of Rush, 768 N.Y.S.2d 58, 62 (App. Div. 2003). To succeed on a claim for tortious interference with prospective business relations, a party must demonstrate: (1) the defendant knew of the proposed business relations between the plaintiff and the third party; (2) the defendant intentionally interfered with the proposed business relations; (3) the parties would have entered into the proposed business relations but for the defendant's interference; (4) the defendant's interference was done in a wrongful manner; and (5) the plaintiff sustained damages. See Carvel Corp. v. Noonan, 3 N.Y.3d 182, 189-191 (2004).

The defendants have identified the assignments from GEICO insureds to the defendants as the contracts/business relations that have been subject to interference by GEICO. The assignment contracts have not been breached by the insureds/assignors, as evidenced by the fact that the defendants are suing GEICO for breaches of the same. Accordingly, the defendants cannot satisfy a required element of the tortious interference with contractual relations cause of action. The defendants also fail to sufficiently plead a cause of action premised on tortious interference with contractual relations because they do not, and cannot, identify a specific third party that declined to enter into business relations with the defendants due to GEICO's wrongful conduct. For all of these reasons, the defendants' counterclaims premised on tortious interference with contractual or proposed business relations should be dismissed with prejudice.

The defendants' counterclaims include two counts for violations of the federal Racketeer Influenced and Corrupt Organizations (RICO) Act (Counts VII and VIII). The RICO Act provides, in relevant part: "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a

pattern of racketeering activity . . . ." 18 U.S.C. § 1962(c).  In Count VII, which names only GEICO as the counterclaim defendant, and Count VIII, which names GEICO and other third parties as counterclaim/third-party defendants, the defendants allege that GEICO is the enterprise, but they fail to plead the requisite "person" who caused the GEICO "enterprise" to take action.  It is axiomatic that "[u]nder section 1962(c), a defendant and the enterprise must be distinct.  Indeed, 'it is well established in this Circuit that, under § 1962(c), the alleged RICO "person" and RICO "enterprise" must be distinct.'" De Falco v. Bernas, 244 F.3d 286, 307 (2d Cir. 2001), quoting Cedric Kushner Promotions, Ltd. v. King, 219 F.3d 115, 116 (2d Cir. 2000) (per curiam) (footnotes omitted).  Accordingly, GEICO cannot be both the enterprise and the person/defendant who operated the enterprise.

In Count VIII, the defendants name two other parties as enterprises, in addition to GEICO.  However, the defendants fail to plead that GEICO participates, as that term is understood in the RICO context, in the conduct of these other two enterprises.  The Supreme Court has held that "'to conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs,' one must participate in the operation or management of the enterprise itself." Reves v. Ernst & Young, 507 U.S. 170, 183 (1993), quoting 18 U.S.C. § 1962(c).  There is no allegation that GEICO, an outsider to these other two enterprises, exerts control over them.

As the defendants have not properly pleaded violations of 18 U.S.C. § 1962(c), they cannot sustain a cause of action premised on RICO conspiracy pursuant to 18 U.S.C. § 1962(d). Cofacredit, S.A. v. Windsor Plumbing Supply Co., 187 F.3d 229, 244-245 (2d Cir. 1999) ("To state a Section 1962(d) RICO conspiracy claim, a plaintiff must allege a substantive RICO violation").  For all of the reasons cited herein, the counterclaims against GEICO premised on violations of the RICO Act must be dismissed.

Finally, the defendants' amended counterclaims again include a count for common law fraud (Count XI).  Like the original, the amended fraud count also fails to satisfy the required elements of a fraud cause of action, including failing to identify the misrepresentation(s) of material fact on which the defendants justifiably relied.  See Premium Mortg. Corp. v. Equifax, Inc., 583 F.3d 103, 108 (2d. Cir. 2009).  To the extent the defendants argue that the peer reviews and/or requests for verification from GEICO to the defendants constitute misrepresentations, the defendants cannot demonstrate that they justifiably relied on the same.  See, e.g., McGee v. Allstate Ins. Co., 2011 U.S. Dist. LEXIS 89081, *10-*12, which was also discussed in GEICO's June 7, 2012 letter at pp. 2-3.

For the reasons contained herein, GEICO reiterates its request for leave to move to dismiss the defendants' counterclaims.  Thank you in advance for your consideration of this matter.

        Very truly yours,

        */s/ Richard D. King, Jr.*

        Richard D. King, Jr.

cc:   Craig Meyerson, Esq. (Via CM/ECF)