UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

GOVERNMENT EMPLOYEES INSURANCE COMPANY,    DECLARATION
GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY, AND
GEICOCASUALTY INSURANCE COMPANY        Civil Case No.: 12cv1068
        FB/VVP

        Plaintiffs,

    -against-

JONATHAN B. KOGEN, Ph.D.,
LMK PSYCHOLOGICAL SERVICES, P.C.,
VALLEY PSYCHOLOGICAL, P.C., and
ANDREW BLUMENTHAL

        Defendants,
and

MICHAEL H. ROSENFELD, Ph.D.,
FRANKLIN A. PORTER, Ph.D.
ADVANCED PSYCHOLOGICAL EVALUATIONS, P.C.,
SCS SUPPORT CLAIMS SERVICES, INC.,
EMPIRE STAT MED REVIEW, P.C. and
EMPIRE STAT GROUP, LLC,

        Counterclaim Defendants.
_____

      Craig Meyerson, an attorney duly admitted to practice in the courts of the State of New

York and admitted *pro hac vice* in the above-referenced matter, under the penalty of perjury

declares:

      1.     I am counsel for Defendants Jonathan Kogen, Ph.D., LMK Psychological

Services, P.C., and Valley Psychological, P.C., and Andrew Blumenthal (hereinafter collectively

known as "Defendants").

      2.     I make this declaration from a review of the records and files of this action kept in

the ordinary course of my practice and discussions with my clients.

1

3.      I make this declaration on behalf of and in support of Defendants Jonathan

Kogen, Ph.D., LMK Psychological Services, P.C., and Valley Psychological, P.C.'s motion

brought by Order to Show Cause pursuant to Fed. R. Civ. P. Rules 26 and 45 for an Order of the

Court quashing subpoenas dated July 27, 2012, with date of compliance August 27, 2012, issued

by Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO

General Insurance Company and GEICO Casualty Insurance Company directed to HSBC Bank,

USA, JP Morgan Chase Bank, N.A. and Bank of America, N.A. (hereinafter collectively known

as "Banks").  Copies of the subject subpoenas are attached hereto as Exhibit A.

4.      Moving-Defendants' motion is brought by Order to Show Cause because the date

of compliance is insufficiently in the future to allow for the usual briefing schedule on a motion

and irreparable harm may occur otherwise through impermissible and unprotected disclosures.

5.      Plaintiffs allege in this action that defendants Valley and LMK are not eligible to

collect no-fault insurance benefits because Defendants Blumenthal and Dr. Kogen conspired to

defraud the Plaintiffs by rendering unnecessary medical treatments, and misrepresenting the true-

owner of the Valley and LMK.  Defendants have counterclaimed for amounts owed on

outstanding no-fault insurance claims and alleging Plaintiffs conspired with Counterclaim

Defendants to create false peer review reports upon which to base denials of the claims.

6.      A Rule 16 conference was held before M.J. Pohorelsy.  A scheduling order has

not yet been signed and is pending before the Court.  Plaintiffs have served what Defendants'

believe are insufficient mandatory disclosures.  Letter motion is presently before the Court on

this issue.  Parties have sought and been granted permission to file motions to dismiss with initial

papers due August 24, 2012.

7.      Said subpoenas seek the subpoenaed party to appear for a deposition or to produce "[a]ny and all documents, whether written of stored electronically, which relate directly to and/or disclose information bearing directly, or indirectly, upon the following bank accounts from 2002 to the present:".

8.      The subpoenas list three different bank accounts.  These bank accounts are held by Defendants Valley Psychological, P.C., LMK Psychological Services, P.C. and/or their sole owner, stockholder and officer defendant Jonathan B. Kogen, Ph.D.

9.      The subpoenas define "documents" as "all papers and other tangible items and materials upon which information is recorded, or from which the information may be obtained, and includes all documents that you have in your possession, custody or control or have the right to obtain upon request or demand.  For the purpose of this request, the terms **"document"** or **"documents"** also includes the following:

> Checking accounts;
> Savings Accounts;
> Applications to open a checking account;
> Applications to open a savings account;
> Signature cards;
> Bank statements;
> Canceled checks including with bank statements;
> Deposit tickets and deposited items;
> Documents to close an account;
> Account statement and/or certificates of deposits (open or closed);
> Currency transaction reports, IRS Forms 4789 and/or CMIRs (Forms 4790);
> Records of transfers, collections and/or receipt of funds by Fed Wire, CHIPS, SWIFT, money transfer or message system, and/or direct deposit;
> Application for purchase of manager's, cashier's, traveler's and/or treasurer's checks, together with copies the checks purchased, drawn from and/or deposited into bank accounts;
> All applications, signature cards, records of payments, access entry records and/or safekeeping register records for all safe deposit boxes, ether (*sic*) open or closed;
> All Forms 1099, 1089, and backup withholding documents;
> Criminal referral forms, reports or apparent crime, and/or other correspondences to federal agencies; and
> Any and all related correspondence.

10.     As fully set forth in the accompanying Memorandum of Law, the subpoenas seek information not relevant and cannot conceivable lead to the discovery of relevant information; seek documents and information privileged, proprietary, private and confidential, not only of the Defendants, but also of a multitude of persons not named as parties or witnesses in this action, such as moving-Defendants patients, employees and independent contractors; are overbroad; and for the Banks, unduly burdensome.

11.     The banking accounts reflect payments and salaries made to employees and independent contractors not named in this action; would identify names, banking information and addresses of patients, employees, and contractors not named in this action; would identify purchases, expenses and income not relevant to this action; would show loan payments and applications; business relationships with insurers other than the Plaintiffs; and tax information that have no bearing on this action that the moving Defendants have an interest in keeping private and confidential.

12.     Upon information and belief Plaintiffs have not served notice of the subpoena upon all parties to this action.

13.     In the case of HSBC, USA, and perhaps the other banks, the subpoenas require a person who is neither a party nor a party's officer to travel from outside the Eastern District of New York more than 100 miles from where that person resides, is employed, or regularly transacts business in person.  The subpoena is addressed to HSBC, 1 HSBC Center, Buffalo, NY, which is located outside the Eastern District some 398 miles from the place of production, Plaintiffs counsel's office in Garden City, NY.

14.     On August 10, 2012, moving-Defendants served the aforementioned objections upon Plaintiffs.  A copy of the objections is attached hereto as Exhibit B.

15.     On August 17, 2012 Plaintiffs provided to the moving-Defendants proof of service of the subpoenas.  Copies of the Affidavits of Service are attached hereto as Exhibit A.

16.     Plaintiffs allegedly served each subpoena on an agent of each Bank.  Plaintiffs do not offer proof that each alleged agent is truly an agent.  Plaintiffs do not offer proof of mailing a copy of the subpoena to each Bank.

17.     Plaintiffs did not serve JP Morgan Chase Bank, N.A.  (hereinafter "Chase") at a Chase office.  Plaintiffs alleged to have served Chase at CT Corp.  Chase, via telephone conversation with your declarant, indicates it has not been served.  Upon information provided by Chase upon receipt of a subpoena, its practice is to notify the account holder of the subpoena.  Chase has not notified any moving-Defendant.

18.     Plaintiffs do not offer proof of tendering proper fees for appearance at deposition.

19.     As fully set forth in the accompanying Memorandum of Law, each of the subpoenas should be quashed.  The burden is on the Plaintiffs to show proper service of the subpoena and relevancy of the information and material they seek, a burden moving-Defendants believe Plaintiffs cannot meet.

Wherefore, it is respectfully requested the Court grant moving-Defendants motion for an Order quashing each subpoena plus further relief as the Court deems appropriate, including costs and attorney's fees associated with this motion.

Dated:  Latham, New York
        August 20, 2012

_____
Craig Meyerson (CM7768)
Law Office of Craig Meyerson
17 British American Boulevard
Latham, New York  12110
Tel: 518-785-7440
Fax: 518-786-6446

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

**7408 - SMITH & BRINK, P.C.**

Back to Client Services Home

Click here is view a printer friendly version of this
Affidavit.

**(Use your browser's "Back" button to return to Previous Page.)**

 **➡ PROCESS**

**UNITED**
**SERVICE** INC.

---

***Important*: This is not an official document and is for reference only.**

You will receive a signed and notarized original affidavit of service. If you require a duplicate original affidavit, please e-mail us or call our office at 212-619-0728.

---

UNITED STATES DISTRICT COURT/EASTERN DISTRICT OF
NEW YORK

Atty: SMITH & BRINK, P.C.

COUNTY OF _____

Index #: 12-CV-01068 (FB) (VVP)
Court Date: August 27, 2012

GOVERNMENT EMPLOYEES INSURANCE COMPANY, ETAL
Plaintiff(s)

- against -

JONATHAN B. KOGEN, PH.D., ETAL
Defendant(s)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK ss:

BRUCE KUSTKA BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS
ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on August 3, 2012 at 11:07 AM at 199 JERICHO TURNPIKE, MINEOLA, NY 11501, deponent served the
within SUBPOENA IN A CIVIL CASE on BANK OF AMERICA, N.A. therein named,

**CORPORATION** a DOMESTIC corporation by delivering thereat a true copy of each to NIA REVILES
personally, deponent knew said corporation so served to be the corporation described in said
SUBPOENA IN A CIVIL CASE as said defendant and knew said individual to be the
GENERAL AGENT thereof.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx.) |
|---|---|---|---|---|---|
| FEMALE | BROWN | BLACK | 30 | 5' 4" | 110 |

That at the time of such service deponent knew the person so served as aforesaid to be the
same person mentioned and described as the defendant in this action.

Sworn to me on: August 7, 2012

| RALPH MULLEN | JOSEPH KNIGHT | JONATHAN GRABER | |
|---|---|---|---|
| Notary Public, State of New York | Notary Public, State of New York | Notary Public, State of New York | **BRUCE KUSTKA** |
| No. 01MU6238632 | No. 01KN6178241 | No. 01GR6156780 | |
| Qualified in New York County | Qualified In New York County | Qualified in New York County | Invoice #: 558889 |
| Expires April 11, 2015 | Expires November 26, 2015 | Expires December 4, 2014 | |

[Back to Client Services Home]   [Top]

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Eastern District of New York

Government Employees Insurance Company, et al.

V.

Jonathan B. Kogen, Ph.D., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:12-cv-01068 (FB)(VVP)

TO:  Bank of America, N.A.
199 Jericho Turnpike,
Mineola, NY 11501

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Smith & Brink, P.C., 1325 Franklin Avenue, Suite 320, Garden City, NY 11530 | DATE AND TIME   8/27/2012 11:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see the attached Schedule A.  If the items listed in the Schedule A are produced at the offices of Smith & Brink, P.C., 1325 Franklin Avenue, Suite 320, Garden City, NY 11530 prior to the date of the deposition, the witness' attendance at the deposition will be waived.

| PLACE   Smith & Brink, P.C., 1325 Franklin Avenue, Suite 320, Garden City, NY 11530 | DATE AND TIME   8/27/2012 11:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLANTIFF OR DEFENDANT) | DATE   7/27/2012 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael W. Whitcher, Smith & Brink, P.C. 1325 Franklin Avenue, Suite 320, Garden City, NY 11530 (347) 710-0050

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**BANK OF AMERICA, N.A.**
**Keeper of Records "Schedule A"**

## I.  DEFINITIONS:

1.  As used herein, the terms **"document"** or **"documents"** mean all papers and other tangible items and materials upon which information is recorded, or from which information may be obtained, and includes all documents that you have in your possession, custody, or control, or have the right to obtain upon request or demand.  For the purpose of this request, the terms **"document"** or **"documents"** also includes the following:

- Checking accounts;
- Savings accounts;
- Applications to open a checking account;
- Applications to open a savings account;
- Signature cards;
- Bank statements;
- Canceled checks including with bank statements;
- Deposit tickets and deposited items;
- Debit and credit memos;
- Documents to close an account;
- Account statement and/or certificates of deposit (open or closed);
- Currency transaction reports, IRS Forms 4789 and/or CMIRs (Forms 4790);
- Records of transfers, collections and/or receipt of funds by Fed Wire, CHIPS, SWIFT, money transfer or message system and/or direct deposit;
- Applications for purchase of manager's, cashier's, traveler's and/or treasurer's checks, together with copies the checks purchased, drawn from and/or deposited into bank accounts;
- All applications, signature cards, record of payments, access entry records and/or safekeeping register records for all safe deposit boxes, ether open or closed;
- All Forms 1099, 1089, and back up withholding documents;
- Criminal referral forms, reports of apparent crime, and/or other correspondence to federal agencies; and
- Any and all related correspondence.

This definition also includes all copies, reproductions, and facsimiles of documents.  If copies of documents are not identical for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within the meaning of this definition.

2.  The term **"relating to"** means referring to, describing, concerning, evidencing, or constituting.

1

## II. **YOU ARE REQUESTED TO PRODUCE THE FOLLOWING DOCUMENTS:**

1. Any and all documents, whether written or stored electronically, which relate directly to and/or disclose information bearing directly, or indirectly, upon the following bank accounts from 2002 to the present:

   - Account #8310340626

## AFFIDAVIT OF SERVICE ON A CORPORATION

| State of: New York | County of: | Eastern District |
|---|---|---|
| Court:  U.S. District | Index #: | 1:12-cv-01068 (FB)(VVP) |
| | Date Purchased: | |

*Plaintiff/Petitioner:*

**Government Employees Insurance Company, et. al.**

*Defendant/Respondent:*                                   *vs:*

**Jonathan B. Kogen, Ph.D., et. al.**

State of: NY
County of: Niagara

John M. Celano, being duly sworn, deposes and says: that deponent is not a party to this action,
is over 18 years of age and resides at: Getzville , NY
that on: **7/31/2012** at: **10:26am** at: c/o Legal Order Processing, 1 HSBC Center, Buffalo, NY  14203
deponent served the within:

**Subpoena In A Civil Case**

*
*       Return Date if any:**8/27/2012**

ON:  **HSBC Bank, USA**

CORPORATION     A  corporation, by delivering thereat a true copy of each to: Dawn Elmes
☒                       personally; deponent knew said corporation so served to be the corporation, described in same as Defendant
                            and knew said individual to be: Authorized Agent    ,thereof an authorized person to accept service of process.

DESCRIPTION     SEX: Female,        SKIN COLOR: White,        AGE: 51 - 65 Yrs.,        HEIGHT: 5'0" - 5'3",
☒                       HAIR COLOR: Brown,        WEIGHT: 100 - 130 Lbs.,
                            Other identifying features:
                                                Glasses

WITNESS FEE      $       the authorizing traveling expenses and one day's witness fee was paid(tendered) to the
☐                       Defendant.

Sworn to before me on this: 7/31/2012

*Chelsey Wooten*
Notary Public

**CHELSEY WOOTEN**
**Notary Public, State of New York**
**No. 01WO6260664**
**Qualified in Niagara County**
**Commission Expires April 30, 2016**

201208049

_____  ss
Print name below signature
John M. Celano

Client File#: 558890

## AFFIDAVIT OF SERVICE ON A CORPORATION

| State of: New York | County of: | Eastern District |
|---|---|---|
| Court: U.S. District | Index #: | 1:12-cv-01068 (FB)(VVP) |
| | Date Purchased: | |

*Plaintiff/Petitioner:*

**Government Employees Insurance Company, et. al.**

*Defendant/Respondent:*                          *vs:*

**Jonathan B. Kogen, Ph.D., et. al.**

State of: NY
County of: Niagara

John M. Celano, being duly sworn, deposes and says: that deponent is not a party to this action,
is over 18 years of age and resides at: Getzville , NY
that on: 7/31/2012  at: 10:26am  at: c/o Legal Order Processing, 1 HSBC Center, Buffalo, NY  14203
deponent  served  the within:

**Subpoena In A Civil Case**

\*
\*        Return Date if any:**8/27/2012**

ON:  **HSBC Bank, USA**

CORPORATION    A  corporation, by delivering thereat a true copy of each to: Dawn Elmes
☒              personally, deponent knew said corporation so served to be the corporation, described in same as Defendant
               and knew said individual to be: Authorized Agent   ,thereof an authorized person to accept service of process.

DESCRIPTION    SEX: Female,        SKIN COLOR: White,        AGE: 51 - 65 Yrs.,        HEIGHT: 5'0" - 5'3",
☒              HAIR COLOR: Brown,        WEIGHT: 100 - 130 Lbs.,
               Other identifying features:
                                         Glasses

WITNESS FEE    $        the authorizing traveling expenses and one day's witness fee was paid(tendered) to the
☐              Defendant.

Sworn to before me on this: 7/31/2012

*Chelsey Wooten*
Notary Public

**CHELSEY WOOTEN**
**Notary Public, State of New York**
**No. 01WO6260664**
**Qualified in Niagara County**
**Commission Expires April 30, 2016**

_____ ss
Print name below signature
John M. Celano

201208049                          Client File#: 558890

AO88  (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Eastern District of New York

Government Employees Insurance Company, et al.

V.

Jonathan B. Kogen, Ph.D., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:12-cv-01068 (FB)(VVP)

TO:  HSBC Bank, USA
Legal Order Processing
1 HSBC Center
Buffalo, NY 14203

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Smith & Brink, P.C., 1325 Franklin Avenue, Suite 320, Garden City, NY 11530 | DATE AND TIME  8/27/2012 11:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see the attached Schedule A. If the items listed in the Schedule A are produced at the offices of Smith & Brink, P.C., 1325 Franklin Avenue, Suite 320, Garden City, NY 11530 prior to the date of the deposition, the witness' attendance at the deposition will be waived.

| PLACE   Smith & Brink, P.C., 1325 Franklin Avenue, Suite 320, Garden City, NY 11530 | DATE AND TIME  8/27/2012 11:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  7/27/2012 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael W. Whitcher, Smith & Brink, P.C. 1325 Franklin Avenue, Suite 320, Garden City, NY 11530 (347) 710-0050

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                         DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**HSBC BANK, USA**
**Keeper of Records "Schedule A"**

## I.  DEFINITIONS:

1.  As used herein, the terms **"document"** or **"documents"** mean all papers and other tangible items and materials upon which information is recorded, or from which information may be obtained, and includes all documents that you have in your possession, custody, or control, or have the right to obtain upon request or demand.  For the purpose of this request, the terms **"document"** or **"documents"** also includes the following:

- Checking accounts;
- Savings accounts;
- Applications to open a checking account;
- Applications to open a savings account;
- Signature cards;
- Bank statements;
- Canceled checks including with bank statements;
- Deposit tickets and deposited items;
- Debit and credit memos;
- Documents to close an account;
- Account statement and/or certificates of deposit (open or closed);
- Currency transaction reports, IRS Forms 4789 and/or CMIRs (Forms 4790);
- Records of transfers, collections and/or receipt of funds by Fed Wire, CHIPS, SWIFT, money transfer or message system and/or direct deposit;
- Applications for purchase of manager's, cashier's, traveler's and/or treasurer's checks, together with copies the checks purchased, drawn from and/or deposited into bank accounts;
- All applications, signature cards, record of payments, access entry records and/or safekeeping register records for all safe deposit boxes, ether open or closed;
- All Forms 1099, 1089, and back up withholding documents;
- Criminal referral forms, reports of apparent crime, and/or other correspondence to federal agencies; and
- Any and all related correspondence.

This definition also includes all copies, reproductions, and facsimiles of documents.  If copies of documents are not identical for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within the meaning of this definition.

2.  The term **"relating to"** means referring to, describing, concerning, evidencing, or constituting.

1

## II. **YOU ARE REQUESTED TO PRODUCE THE FOLLOWING DOCUMENTS**:

1. Any and all documents, whether written or stored electronically, which relate directly to and/or disclose information bearing directly, or indirectly, upon the following bank accounts from 2002 to the present:

   - Account #093-732333

## 7408 - SMITH & BRINK, P.C.
<u>Back to Client Services Home</u>
Click <u>here</u> is view a printer friendly version of this
Affidavit.
**(Use your browser's "Back" button to return to Previous Page.)**

 **PROCESS**

# UNITED
# SERVICE INC.

---

***Important*: This is not an official document and is for reference only.**
You will receive a signed and notarized original affidavit of service. If you require a duplicate original affidavit, please <u>e-mail</u> us or call our office at 212-619-0728.

---

UNITED STATES DISTRICT COURT/EASTERN DISTRICT OF       Atty: SMITH & BRINK, P.C.
NEW YORK

COUNTY OF

_____          Index #: 12-CV-01068 (FB) (VVP)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, ETAL        Court Date: August 27, 2012
                                    Plaintiff(s)
              - against -

JONATHAN B. KOGEN, PH.D., ETAL                **AFFIDAVIT OF SERVICE**
                                Defendant(s)
_____

STATE OF NEW YORK: COUNTY OF NEW YORK ss:

BRUCE KUSTKA BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS
ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on August 3, 2012 at 11:07 AM at 199 JERICHO TURNPIKE, MINEOLA, NY 11501, deponent served the
within SUBPOENA IN A CIVIL CASE on BANK OF AMERICA, N.A. therein named,

**CORPORATION** a DOMESTIC corporation by delivering thereat a true copy of each to NIA REVILES
personally, deponent knew said corporation so served to be the corporation described in said
SUBPOENA IN A CIVIL CASE as said defendant and knew said individual to be the
GENERAL AGENT thereof.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx.) |
|---|---|---|---|---|---|
| FEMALE | BROWN | BLACK | 30 | 5' 4" | 110 |

That at the time of such service deponent knew the person so served as aforesaid to be the
same person mentioned and described as the defendant in this action.

Sworn to me on: August 7, 2012

RALPH MULLEN            JOSEPH KNIGHT            JONATHAN GRABER
Notary Public, State of New York   Notary Public, State of New York   Notary Public, State of New York      **BRUCE KUSTKA**
No. 01MU6238632         No.01KN6178241          No. 01GR6156780
Qualified in New York County    Qualified in New York County    Qualified in New York County
Expires April 11, 2015       Expires November 26, 2015      Expires December 4, 2014       Invoice #: 558889

---

[Back to Client Services Home]    [Top]

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

Eastern District of New York

| | |
|---|---|
| Government Employees Insurance Company, et al. | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| Jonathan B. Kogen, Ph.D., et al. | Case Number:[1]  1:12-cv-01068 (FB)(VVP) |

TO:  Bank of America, N.A.
199 Jericho Turnpike,
Mineola, NY 11501

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Smith & Brink, P.C., 1325 Franklin Avenue, Suite 320, Garden City, NY 11530 | DATE AND TIME 8/27/2012 11:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see the attached Schedule A.  If the items listed in the Schedule A are produced at the offices of Smith & Brink, P.C., 1325 Franklin Avenue, Suite 320, Garden City, NY 11530 prior to the date of the deposition, the witness' attendance at the deposition will be waived.

| PLACE   Smith & Brink, P.C., 1325 Franklin Avenue, Suite 320, Garden City, NY 11530 | DATE AND TIME 8/27/2012 11:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 7/27/2012 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael W. Whitcher, Smith & Brink, P.C. 1325 Franklin Avenue, Suite 320, Garden City, NY 11530 (347) 710-0050

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**BANK OF AMERICA, N.A.**
**Keeper of Records "Schedule A"**

## I. DEFINITIONS:

1. As used herein, the terms **"document"** or **"documents"** mean all papers and other tangible items and materials upon which information is recorded, or from which information may be obtained, and includes all documents that you have in your possession, custody, or control, or have the right to obtain upon request or demand. For the purpose of this request, the terms **"document"** or **"documents"** also includes the following:

- Checking accounts;
- Savings accounts;
- Applications to open a checking account;
- Applications to open a savings account;
- Signature cards;
- Bank statements;
- Canceled checks including with bank statements;
- Deposit tickets and deposited items;
- Debit and credit memos;
- Documents to close an account;
- Account statement and/or certificates of deposit (open or closed);
- Currency transaction reports, IRS Forms 4789 and/or CMIRs (Forms 4790);
- Records of transfers, collections and/or receipt of funds by Fed Wire, CHIPS, SWIFT, money transfer or message system and/or direct deposit;
- Applications for purchase of manager's, cashier's, traveler's and/or treasurer's checks, together with copies the checks purchased, drawn from and/or deposited into bank accounts;
- All applications, signature cards, record of payments, access entry records and/or safekeeping register records for all safe deposit boxes, ether open or closed;
- All Forms 1099, 1089, and back up withholding documents;
- Criminal referral forms, reports of apparent crime, and/or other correspondence to federal agencies; and
- Any and all related correspondence.

This definition also includes all copies, reproductions, and facsimiles of documents. If copies of documents are not identical for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within the meaning of this definition.

2. The term **"relating to"** means referring to, describing, concerning, evidencing, or constituting.

1

## II. **YOU ARE REQUESTED TO PRODUCE THE FOLLOWING DOCUMENTS**:

1. Any and all documents, whether written or stored electronically, which relate directly to and/or disclose information bearing directly, or indirectly, upon the following bank accounts from 2002 to the present:

   - Account #8310340626

2

EXHIBIT B

EXHIBIT B

EXHIBIT B

LAW OFFICE OF
# CRAIG MEYERSON
ATTORNEY AND COUNSELOR AT LAW
AIRPORT PARK · 17 BRITISH AMERICAN BOULEVARD
LATHAM, NEW YORK 12110

TEL: 518-785-7440 · FAX: 518-786-6446
E-MAIL: craigmeyerson@yahoo.com

August 10, 2012

**VIA ELECTRONIC AND FIRST CLASS MAIL**

Richard D. King, Jr., Esq.
Smith & Brink, P.C.
1325 Franklin Avenue, Suite 320
Garden City, New York  11530

      Re:    *Government Employees Insurance Co., et al. v. Jonathan B. Kogen, Ph.D., et al.*
             Case No.: 0:12-CV-01068-FB-VVP

Dear Mr. King:

      Defendants Jonathan B. Kogen, Ph.D., LMK Psychological Services,P.C>, Valley Psychological, P.C. and Andrew Blumenthal object ot the subpoenas your firm purportedly served on behalf of the Plaintiffs in the above-referenced matter upon J.P. Morgan Chase, HSBC and Bank of America, dated July 27, 2012 as follows:

1. The caption is incorrect and does not correctly identify all parties to the action;
2. All parties appearing in the action have not been served or otherwise given notice of the purported service of the subopoenas;
3. Affidavits or other proofs of service upon the non-parties have not been filed or served on the parties to this action;
4. Requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person;
5. Seeks materials not relevant and cannot lead to the discovery of relevant material.
6. Requires disclosure of privileged or other protected matter, no exception or waiver applies;
7. Subjects a person to undue burden;
8. Overbroad;
9. Materials can be disclosed through discovery and the subpoenas are intended as an end-run around discovery;
10. Palpably improper in asking for "any and all relating" correspondences.

Richard D. King, Jr., Esq.
August 10, 2012
Page 2

Pertaining to number 6 the subpoenas require disclosure of impermissible and confidential materials pertaining and including but not limited to non-parties such as records of employees, employees' compensation, payments to and from non-parties not subject to this action, tax documents not subject or relevant to this action, and other materials.

Thank you.

Yours truly,


Craig Meyerson

CAM/cm