

**RICHARD D. KING, JR.**
*Admitted in Massachusetts,*
*Rhode Island, Pennsylvania, New York and*
*Connecticut Federal Court*
RKING@SMITHBRINK.COM

**SMITH & BRINK, P.C.**
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
WWW.SMITHBRINK.COM

**BRAINTREE**
350 GRANITE STREET
SUITE 2303
BRAINTREE, MA  02184
TEL: (617) 770-2214
FAX: (617) 774-1714

December 26, 2012

**VIA CM/ECF AND FIRST CLASS U.S. MAIL**
The Honorable Vera M. Scanlon
United States District Court – Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *Government Employees Insurance Company, et al. v. Kogen, et al.*, 12-CV-1068-FB-VMS
United States District Court – Eastern District of New York

Dear Judge Scanlon:

The undersigned represents Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Insurance Company (collectively, "GEICO"), plaintiffs in the above-referenced matter.  I submit this letter pursuant to Local Rule 37.3(c) as there are several discovery disputes pending between GEICO and the defendants, Jonathan B. Kogen, Ph.D., LMK Psychological Services, P.C., Valley Psychological, P.C., and Andrew Blumenthal (collectively, "defendants").  Counsel for the parties have exchanged several letters and had phone conversations attempting to resolve these disputes, as required by Local Rule 37.3(a), but remain at an impasse.

**A.     Background**

GEICO served discovery requests on the defendants on July 27, 2012.  Pursuant to the time to respond agreed to by the parties, the defendants had sixty (60) days to respond to these requests.  The defendants did not timely respond, and later sought an extension to October 31, 2012, which they were granted.  On October 31, the defendants served interrogatory responses (which were not signed by the parties as required by Fed. R. Civ. P. 33(b)(5)); responses to GEICO's requests for production of documents; and responses to GEICO's requests for admissions.  The defendants did not, however, produce any documents in response to GEICO's requests.  GEICO sent a letter on November 10 to the defendants, itemizing the pervasive deficiencies in their responses.  *See Exhibit 1 annexed hereto.*  On November 15, the defendants responded via a letter in which they demanded that GEICO tender to them a confidentiality agreement and represented that they were unable to respond to discovery because they do not have an "army of staff to gather information."  *See Exhibit 2 annexed hereto.*  Counsel had a phone conversation on November 19 to discuss GEICO's issues with the defendants' discovery responses.  On December 14 and 21, the defendants produced a limited number of documents totaling less than 1,000 pages that included a small number of e-mails by and between the defendants, a list of proceedings brought by the defendants against various insurance companies, two transcripts of Examinations Under Oath of Dr. Kogen, and an unsigned affidavit allegedly used by Dr. Kogen in court proceedings.   In contrast, GEICO has to date produced 1,693,955 pages of documents in compliance with Your Honor's October 10, 2012 Order (GEICO will also produce additional documents before the Court's final production deadline of January 18, 2013).  The defendants still have not produced the overwhelming majority of the information and documents sought by GEICO.  GEICO is attempting to prepare dispositive motions and for trial in accordance with the discovery schedule set by Your Honor, pursuant to which all discovery must be completed by October 1, 2013.  However, GEICO cannot do so until and unless the defendants meaningfully participate in discovery.

MASSACHUSETTS          MICHIGAN          NEW JERSEY          NEW YORK          PENNSYLVANIA          RHODE ISLAND

GEICO served subpoenas to several banks in August 2012. The defendants moved to quash these subpoenas. Your Honor ruled on this motion on October 10, 2012, ordering that the banks produce the documents requested by GEICO, but that production be made first to the defendants, who are to produce the documents to GEICO and may do so in redacted form. On December 10, 2012, the defendants sent a letter to GEICO stating that records from HSBC Bank had been received, but that the defendants would not forward the same until GEICO tendered a proposed confidentiality agreement regarding financial records. *See Letter annexed hereto at Exhibit 3*.

Despite numerous efforts by GEICO to resolve these ongoing discovery disputes, many of the defendants' discovery deficiencies persist, as discussed more fully below.

### B. Confidentiality Agreement

On October 16, 2012, the parties submitted to Your Honor a proposed confidentiality and protective order that was agreed to and signed by all parties to this matter, including the defendants. *Docket No. 67*. GEICO and the defendants deliberated and went back and forth several times regarding the language and content of the proposed confidentiality agreement that was ultimately submitted to the court. The defendants, however, are now demanding that GEICO tender to them a second confidentiality agreement to address the defendants' concerns regarding financial records. As GEICO has stated to counsel for the defendants no less than three separate times, GEICO is not opposed to an additional (or an addendum to the existing) confidentiality agreement and will consider the same. However, GEICO is under no obligation to tender the same to the defendants. The concerns regarding financial records are the defendants'. The defendants could have sought a provision regarding financial documents in the negotiated confidentiality agreement already agreed to. GEICO is willing to consent to a confidentiality provision regarding financial records (in fact, GEICO offered to formalize an addendum to the confidentiality agreement once the defendants forwarded proposed language, *see Exhibit 4, p. 2*), but it is not obligated to draft the same.

As set out in the defendants' December 10 letter, *Exhibit 3,* the defendants are refusing to turn over bank records produced in response to GEICO's subpoena until GEICO forwards a confidentiality agreement. This is in clear violation of Your Honor's October 10 order, which does not make production of the bank records contingent upon GEICO drafting a confidentiality agreement.

GEICO notes that the defendants make no argument that the financial records and bank records that GEICO seeks are not relevant. GEICO also reiterates that it is amenable to a confidentiality provision governing financial documents. But GEICO is not responsible for tendering the same to the defendants. GEICO respectfully asks that this Court not permit the defendants to withhold discoverable documents on the basis that GEICO has not submitted to them a proposed confidentiality agreement concerning financial records.

### C. Nonexistent and Delayed Production

Although GEICO served its discovery requests on July 27, the defendants continue to assert that they are still looking for responsive documents and information, including information about the defendants' rental/lease agreements, payroll records, financial statements, and medical treatment notes/records. GEICO acknowledges here, as it did to the defendants in its November 10 letter, *Exhibit 1, p. 2*, that parties can and often do supplement discovery responses as additional information and documents are uncovered. However, the defendants have now had five months to respond to GEICO's discovery requests. Their production and responses remain lacking. GEICO still has not received information regarding rental/lease agreements, employee and personnel documents, financial statements, or medical records. As to the medical records and treatment notes that GEICO seeks, the defendants have flatly refused to produce any, stating that GEICO's records are their records so there is no need for them to produce the same. *Exhibit 2, p. 5*. GEICO first notes that there is no way for it to determine the veracity of this statement without comparing its own claim files with patient records maintained by the defendants. This, of course, necessarily requires the defendants to produce their records. However, GEICO doubts that it has complete treatment records, as counsel for the

defendants has represented that there are treatment notes which he contends are entitled to an "absolute privilege" and therefore will not be disclosed to GEICO (as discussed below, the defendants have not created a privilege log of any kind, including to assert this alleged privilege). Moreover, if the defendants are correct that they and GEICO have the same records, there was no good faith basis for the defendants to demand that GEICO produce its claim files (which GEICO has done in an amount approaching 1.7 million pages).

The defendants' first excuse for their non-production and delay in production is that they do not have an "army of staff to gather information." *Exhibit 2, pp. 2 and 5*. This excuse is without merit. The defendants cannot refuse to participate in discovery because it is inconvenient for them to do so. It took considerable time and money for GEICO to produce 1.7 million pages of discovery, but it did so. GEICO is seeking relevant and discoverable information and documents (and the defendants do not argue otherwise) and the defendants should not be permitted to avoid producing the same because it requires some effort on their parts.

The defendants' second excuse for non-production is that GEICO can obtain the information it seeks by deposition instead. *See Exhibit 3, pp. 2 and 4*. While the defendants may prefer to wait and disclose information at depositions, GEICO is entitled to propound interrogatories and requests for production of documents and receive actual responses thereto, which has largely not happened to date.

      **D.**      **Assertion of Privilege**

As noted above, the defendants haphazardly cite various privileges as the basis for their lack of production. To properly assert a privilege objection, the defendants must produce a privilege log. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii). As the defendants have not produced a privilege log at all, GEICO is unable to assess the validity of any privilege claims.

      **E.**      **Information Promised and Not Received**

The defendants have promised to supplement and forward several documents and information to GEICO, which they have not done. First, the defendants still have not produced verified interrogatory responses, which they promised to do on November 15. *Exhibit 2, p. 2*. Second, the defendants have not provided the bank account numbers they promised on November 15. Id at p. 4.

      **F.**      **Conclusion**

The pervasive deficiencies and failure to participate meaningfully in discovery evidence a lack of good faith by the defendants. GEICO's ability to prepare dispositive motions and to prepare for trial is also hindered. As such, GEICO is unduly prejudiced by the defendants' refusal to produce most information/documents at all and is also prejudiced by the inordinate delay that has accompanied the defendants' very limited production to date. Accordingly, GEICO respectfully asks that Your Honor order the defendants to supplement without delay their responses and production, including producing a privilege log if one is required. GEICO further asks that Your Honor order the defendants to turn over the bank records produced pursuant to GEICO's subpoenas in accordance with Your Honor's October 10 order. Finally, the undersigned requests a conference pursuant to Fed. R. Civ. P. 16 to address the defendants' inadequate participation in discovery to date and how future discovery is to proceed, including a possible need to amend the scheduling order should the defendants continue their current pace of responding to discovery.

Thank you for your attention to the foregoing. Please do not hesitate to contact the undersigned with any questions or concerns.

      Very truly yours,

      */s/ Richard D. King, Jr.*

      Richard D. King, Jr.