LAW OFFICE OF
## CRAIG MEYERSON
ATTORNEY AND COUNSELOR AT LAW
AIRPORT PARK · 17 BRITISH AMERICAN BOULEVARD
LATHAM, NEW YORK 12110

TEL: 518-785-7440 · FAX: 518-786-6446
E-MAIL: craigmeyerson@yahoo.com

December 28, 2012

**VIA ELECTRONIC FILING**

Honorable Vera M. Scanlon
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *Government Employees Insurance Co., et al. v. Jonathan B. Kogen, Ph.D., et al.*
    Case No.: 0:12-CV-01068-FB-VMS

Dear Judge Scanlon:

  My office represents the defendants Dr. Jonathan Kogen, Andrew Blumenthal, LMK Psychological Services, P.C. ("LMK") and Valley Psychological, P.C. ("Valley") and submits this letter in response to Mr. King's letter dated December 26, 2012 (Doc. 71) concerning discovery.  Unfortunately, Mr. King misinforms the Court and fails to attach to his letter copies of defendants' responses to plaintiffs' demands as well as four letters dated from November 20, through December 21, 2012 between my office and Jacqueline McEttrick, Esq., who is one of the many attorneys representing the plaintiffs herein and an associate in Mr. King's office, that addresses the issues he raises.  Copies of the aforementioned correspondences between my office and Ms. McEttrick are attached hereto as Exhibit A.

  As noted in defendants' responses to plaintiffs' demands defendants incorporated by reference into their disclosures each and every page of the 1,693,955 pages of claim files that plaintiffs disclosed in addition to the approximately 1000 pages of documents defendants disclosed   Effectively, defendants have produced 1000 pages more than the plaintiffs, if we really need to keep count.

  Unfortunately, the million plus pages plaintiffs' disclosed lack materials Mr. King represented to the Court would be disclosed.  Plaintiffs have not disclosed, *inter alia,* their Special Investigations Unit's files and transcripts of interviews of patients upon which plaintiffs'

Complaint is allegedly premised.  This is contrary to Mr. King's representation to the Court during our October 9, 2012 appearance that they would do so.  Your Honor may remember Mr. King objected to responding to defendants' highly specific individualized requests for production and sought permission to respond singularly by producing claims files.  Defendants voiced their concern that SIU files and transcripts, among other materials, would not be part of the claims files.  Mr. King inferred that defendants' concerns were unfounded and the SIU documents and transcripts would be disclosed as part of the claims files.  Defendants have not found one page of a transcript or SIU file in plaintiffs' disclosures.[1]

Your Honor may also remember that the bulk of plaintiffs' allegations, cloaked under the word  "fraud", is that the psychological services provided by LMK and Valley to their patients were not medically necessary.  Although the question of medical necessity is one for which reasonable experts may disagree, plaintiffs are well aware that under the No-Fault Law a patient can self-refer for psychological services and that each and every LMK and Valley patient requested psychological services through signed writings.  The patients' signed requests are contained in the million plus pages plaintiffs disclosed.  Yet none of the million plus pages disclosed by plaintiffs contain any information about or from the patients that could give rise to an inference or allegation the services were not requested or provided.  If plaintiffs have proof upon which their allegations are premised, they ought to disclose it.  If plaintiffs do not have such proof, then their allegations lack good faith and prosecution of this action is frivolous.

In addition to the failure of plaintiffs to produce documents and information upon which their Complaint is allegedly founded, plaintiffs refuse to provide the names and last known personal addresses of former employees including those of the SIU involved in the investigation of the plaintiffs, personal addresses of current employees that defendants can contact directly, names and addresses of plaintiffs' in-house and retained attorneys who had contact with the defendants, including those who conducted EUOs of defendants[2], and other information and materials set forth in my letters to Mr. King (Doc. 71-2) and Ms. McEttrick (Exhibit A hereto).  Plaintiffs' refusal to produce this information, required by mandatory initial disclosures and Court Order, intentionally, unfairly and inappropriately thwart defendants' investigation into and defense of plaintiffs' allegations.

---

[1] Court ordered plaintiff to complete disclosure of its claims files on or before January 18, 2013.  The Court also granted leave to defendants to serve up to 50 revised document disclosure requests on or before December 14, 2013.  However, until plaintiff completes its disclosures, revised document disclosure requests would be premature and defendants have not yet served such requests.  Accordingly, defendants request permission to serve up to 50 document disclosure requests upon the plaintiffs on or before January 25, 2013, which would be one week after the deadline for plaintiffs to complete disclosure of their claims files.

[2] The Court ordered plaintiffs to disclose these witnesses on or before October 23, 2012.  *See* Minute Entry filed October 10, 2012.

The remaining issues raised by Mr. King are non-existent, make a mountain out of a molehill, and/or were addressed in letters with Ms. McEttrick (Exhibit A hereto).  The parties agreed to extend for a brief period of 31 days from September 30 to October 31, 2012 the time for defendants to respond to plaintiffs' approximate 160 requests for admissions, 100 requests for documents and over 100 interrogatories.  This extension was addressed and not objected to by Mr. King at the October 9, 2012 Court appearance before Your Honor.  Defendants honored this extension.

The parties also agreed to extend to December 14, 2012 disclosure of communications between the defendants and other items set forth in my letter dated December 6, 2012 (s*ee* Exhibit A).  Due to the extensiveness of the materials being reviewed for disclosure, and the fact that defendants have extremely limited resources[3] and just one sole practitioner attorney, as compared to the seemingly unlimited resources and multitude of attorney's employed by plaintiffs, defendants promised to supplement their December 14, 2012 disclosures on or before January 4, 2013, and had partially done so on December 21, 2012 (s*ee* Exhibit A).  This January 4, 2013 date is two weeks prior to the January 18, 2013 deadline set by the Court for completion of plaintiffs' disclosures[4], nearly nine months prior to the September 1, 2013 deadline for the completion of depositions, and nearly ten months prior to the October 1, 2013 deadline for the completion of discovery.  (*See* Minute Entry filed October 10, 2012.)  Thus, the timeliness issue Mr. King raises, and concerns that the scheduling order may have to be revised on this premise, lacks a reasonable basis.[5]

The million plus pages of claim files incorporated into defendants' disclosures, in addition to the 1000 additional pages produced by defendants to date and supplements to come, contain the information in defendants' possession responsive to plaintiffs' demands, subject to objections and exclusive of financial information.  Financial information will be disclosed, subject to objections including but not limited to relevance, upon receipt from plaintiffs of a confidentiality agreement.  Although plaintiffs concur that a confidentiality agreement is appropriate, they refuse to tender a proposed agreement for defendants' review.

Lastly, settlement discussions had been initiated but seem to be stalled.  After some discussion, defendants made what they believe to be a reasonable offer but have had no response

---

[3] Defendants LMK and Valley are no longer doing business due in pertinent part to cash flow interruption resulting from plaintiffs' refusal to pay claims that are subject in this action.

[4] Although plaintiffs' disclosures to date are sorely deficient, defendants intended to serve further disclosure requests upon plaintiffs after the Court imposed deadline of January 18, 2013 for the completion of plaintiffs claims files disclosure.

[5] Counterclaim defendants motions to dismiss remain pending before the District Court.  A discovery scheduling order may have to be entered pending resolution of these motions.

from plaintiffs.   Perhaps the Court can address settlement as part of a telephone conference to address discovery.

Thank you for your time and Happy New Year.

Respectfully submitted,


Craig Meyerson


CAM/cm
Attach.

4