

**RICHARD D. KING, JR.**
*Admitted in Massachusetts,
Rhode Island, Pennsylvania, New York and
Connecticut Federal Court*
RKING@SMITHBRINK.COM

# SMITH & BRINK, P.C.
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
WWW.SMITHBRINK.COM

**BRAINTREE**
350 GRANITE STREET
SUITE 2303
BRAINTREE, MA 02184
TEL: (617) 770-2214
FAX: (617) 774-1714

December 29, 2012

<u>VIA CM/ECF AND FIRST CLASS U.S. MAIL</u>
The Honorable Vera M. Scanlon
United States District Court – Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  <u>*Government Employees Insurance Company, et al. v. Kogen, et al.*, 12-CV-1068-FB-VMS</u>
United States District Court – Eastern District of New York

Dear Judge Scanlon:

The undersigned represents Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Insurance Company (collectively, "GEICO"), plaintiffs in the above-referenced matter. I submitted a letter to Your Honor on December 26, 2012 (*Docket No. 71*) pursuant to Local Rule 37.3(c) setting out several deficiencies in the discovery responses and production served to date by defendants Jonathan B. Kogen, Ph.D., LMK Psychological Services, P.C. ("LMK"), Valley Psychological, P.C. ("Valley"), and Andrew Blumenthal (collectively, "defendants"). Instead of addressing the issues set out in GEICO's December 26 letter, the defendants filed a letter on December 28 (*Docket No. 72*) discussing their alleged issues with GEICO's discovery production to date. GEICO considers the December 28 letter to be the defendants' own Local Rule 37.3(c) letter and, accordingly, submits the within letter in response, as also permitted by Local Rule 37.3(c).

GEICO is at somewhat of a loss to respond to the defendants' assertion that they have produced 1,694,955 pages of discovery (because they "incorporated" GEICO's production of 1,693,955 pages plus the approximate 1,000 pages they have actually produced) because it is utterly ridiculous. "Discovery" is defined as "[t]he act or process of finding or learning something that was previously unknown." Black's Law Dictionary 498 (8th ed. 2004). It should go without saying, but GEICO will say it nonetheless for Attorney Meyerson's benefit, that simply pointing GEICO to documents already in its possession and knowledge, and which GEICO produced to the defendants, does not comport with the purpose and fundamental essence of discovery. As GEICO noted in its December 26 letter, GEICO cannot know whether the claim files it produced to the defendants represent all relevant medical records until it compares its files with the records it has asked the defendants to produce. Moreover, counsel for the defendants has represented that in fact treatment notes exist that have never been disclosed to GEICO and which the defendants will not disclose because the same are protected by privilege. As the defendants have not bothered to produce a privilege log, GEICO cannot assess the validity of this privilege claim.

The defendants argue in their December 28 letter that GEICO has not met its discovery obligations. To the contrary, GEICO is in full compliance with the production schedule set by this Court in the October 10 Order, which provides that:

> (3) The Plaintiffs will produce insurance claim files relating to the claims that form the basis for the Complaint to Defendants on a rolling basis. The Plaintiffs have represented to the Court that there are approximately 1,500 such claim files. The Plaintiffs must produce them on a rolling basis so that the Defendants receive approximately 500 files on or before November 16, 2012, 500 files on or before December 14, 2012, and any remaining files on or before January 18, 2013. The Parties are to consult with each other to coordinate the method of production, which may be by electronic means. Plaintiffs must provide a brief index of the documents produced (e.g., file names or numbers);

GEICO has met both of the first two deadlines (including providing an index) and will complete production by Your Honor's next scheduled deadline of January 18, 2013. The October 10 Order continues:

> (4) The Plaintiffs need not otherwise respond at this time to Defendants' document requests that were previously served. *See 47*. The Defendants may serve a revised document production request of up to 50 document requests on or before December 14, 2012.

The defendants have not served any document requests on GEICO and are now several weeks past the deadline set by this Court. GEICO is not required to guess at what documents the defendants seek in discovery. Indicative of their overall indolent attitude toward their discovery obligations, the defendants could not be bothered to serve document requests. As such, and as GEICO has met all of its obligations under the Court's production schedule, the defendants' argument that GEICO has failed to produce discovery documents is without merit.[1]

The defendants' assertion that GEICO has failed to provide the names of its former employees is entirely without basis. In fact, GEICO served disclosures on October 23 that contained the names of hundreds of GEICO employees, both present and former, which represented all known GEICO employees involved in handling claims from LMK and Valley. If the defendants are aware of a former employee that was not included in the list, they have not revealed it to GEICO. GEICO will immediately investigate upon receipt of such a name from the defendants and supplement its disclosures if necessary. Counsel for GEICO has told Attorney Meyerson repeatedly that any GEICO employees he wishes to subpoena can be contacted through the undersigned. No employee of GEICO is named individually as a party to this litigation. Thus, to the extent each has relevant and discoverable information, it is only in his or her capacity as an employee of GEICO. The undersigned represents GEICO in this litigation and will accept subpoenas directed at his client,

---

[1] The defendants concede in their December 28 letter that they failed to comply with the Court's December 14 deadline and now request an extension of time to serve document requests. GEICO opposes this request. The defendants argue that it would be "premature" for them to serve document requests before GEICO completes its production of the claim files on January 18. To the extent this is a valid argument, a point GEICO does not concede, it was as valid in October as it is today. Yet, the defendants did not request that the Court extend the deadline for them to serve discovery requests until almost three months had passed since Your Honor entered the Order and until two weeks had passed since the expiration of the December 14 deadline. GEICO has complied with all deadlines set by the Court and respectfully requests that the Court order the defendants to do so as well. The defendants should not be permitted an extension of time to serve discovery when they offer no good-faith reason for ignoring the deadline set by the Court.

including its employees.  Finally, despite the defendants' representations to the contrary, GEICO has produced the lone transcript of the Examination Under Oath conducted of any of the defendants.

The defendants do not address the overwhelming majority of the issues noted by GEICO in its December 26 letter, including (1) the defendants' untenable demand that GEICO tender to them a second confidentiality agreement to address the defendants' confidentiality concerns regarding financial records; (2) the defendants' refusal to comply with the Court's October 10 Order regarding turning over the subpoenaed bank records, (3) the defendants' refusal to provide certain information requested by GEICO, stating instead that GEICO can wait and obtain such information during depositions, (4) the defendants' failure to produce a privilege log, (5) the defendants' failure to disclose bank account numbers as promised, and (6) the pervasive and never-ceasing delays in production by the defendants.  As to this last point, the defendants lay out the evidence themselves in their December 28 letter.  The defendants concede that their discovery responses were due on September 30.  They then sought, and received, an extension to October 31.  The defendants then stated they needed until December 14 and now January 4 to respond to GEICO's discovery requests.  GEICO was more than happy to grant the first three extensions as a professional courtesy, but enough is enough.  More than five months have passed since GEICO served its discovery requests and GEICO has received little more than excuses in response.

The fact that the defendants do not respond to the well-founded concerns identified by GEICO in its letter, but instead assert largely made up "issues" and arguments in their December 28 letter further suggests that the defendants are not participating in this litigation in good faith.  To the extent Attorney Meyerson, a self-described "one sole practitioner attorney" (*Docket No. 72, p. 3*), cannot meet the demands of this complex litigation, GEICO respectfully suggests that he and/or his clients obtain assistance or make a serious settlement offer to GEICO to address GEICO's injuries incurred at the hands of the defendants for years of fraudulent behavior.  But GEICO should not continue to be unduly prejudiced by the defendants' delays, excuses, and general obstructionist attitude.  The defendants have been sued for implementing and perpetuating a large-scale scheme to defraud GEICO.  GEICO notes that the defendants have not moved to dismiss any part of GEICO's Complaint and the time to do so has now passed.  It is time for the defendants to start meaningfully participating in this litigation.  They can start by responding to GEICO's discovery requests and by resolving the issues itemized above and in GEICO's December 26 letter.

GEICO reasserts its request for a conference with Your Honor pursuant to Fed. R. Civ. P. 16.  Given the multitude of issues between the parties, as evidenced by the number and tenor of the letters filed in the last few days, the undersigned respectfully submits that an in person conference before Your Honor will be more productive.

Thank you for your attention to the foregoing.  Please do not hesitate to contact the undersigned with any questions or concerns.

    Very truly yours,

    */s/ Richard D. King, Jr.*

    Richard D. King, Jr.